IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SPYDERCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAMBATE USA INC., *et al.*, <br><br> Defendants. | Case No.: 15-cv-00943-REB-KLM |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendants Mambate USA Inc. and BrainyTrade USA Inc. ("Defendants"), through undersigned counsel, hereby submit their Reply in Support of Motion to Stay Discovery and respectfully maintain their request that the Court stay discovery until a ruling is made on both Defendants' Motions to Dismiss.

### I. INTRODUCTION

Plaintiff alleges both that this Court disfavors stays of discovery, and that the *String Cheese* factors support the Court's denial of Defendants' Motion to Stay Discovery. However, Plaintiff is incorrect on both counts. First, as Defendants explained in their Motion to Stay Discovery, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg.*, 2007 U.S. Dist. LEXIS 25880 (D. Colo. Apr. 6, 2007). Defendants' Motion to Dismiss are clearly dispositive, and a stay would not unduly prejudice Plaintiffs; in fact, denial of a stay would actually prejudice Defendants and create an advantage to Plaintiff. Second, the

*String Cheese* factors clearly weigh in favor of the Court's granting Defendants' Motion to Stay Discovery.

## II. ARGUMENT

The *String Cheese* factors referenced by Plaintiff weigh in favor of Defendants,[1] and demonstrate that the Court should grant Defendants' Motion to Stay Discovery pending a decision on the Motions to Dismiss.

### A. Delay in Proceedings Was Caused by Plaintiff's Unnecessary Gamble on Jurisdiction

Plaintiff, in its Opposition to Defendants' Motion to Stay Discovery, alleges that it "has a strong interest in proceeding expeditiously." Amended Opposition at p. 3. However, this statement is in direct opposition to Plaintiff's proceedings in this case. Upon information and belief, Plaintiff knows that the proper forum in which to bring the suit is the United States District Court for the Eastern District of New York. Regardless, Plaintiff nevertheless filed suit in the United States District Court for the District of Colorado, based, upon information and belief, solely on its convenience to Plaintiff and Plaintiff's counsel. Plaintiff knew, or should have known, that Defendants would challenge, based on lack of personal jurisdiction, Plaintiff's filing suit in this Court, and therefore cannot now be "crying foul" after choosing the incorrect forum. If Plaintiff is concerned about expediency in the case, there is nothing stopping Plaintiff from dismissing the present matter, without prejudice, and immediately refiling in a proper forum. Such a procedure would be the most expedient and is completely within Plaintiff's control.

---

[1] These factors were largely addressed in the original motion, but are also considered herein.

### B. Defendants Suffer Great and Total Burden

Contrary to Plaintiffs' assumptions, should the Court require discovery to proceed before it decides the Motions to Dismiss, Defendants will suffer virtually the entire burden of the ongoing discovery. Based on Plaintiff's filing in an incorrect forum, Defendants are now forced to challenge personal jurisdiction or continue to litigate in an improper and inconvenient forum; both options create costs primarily to Defendant alone. Additionally, upon information and belief, and based on the improper forum, Defendants have already been forced to bear costs in excess of those borne by Plaintiff.

### C. Staying Discovery Reduces Judicial Resources and Will Be Inconvenient to the Court

Given that the pending Motions to Dismiss are dispositive, staying discovery until the motions are decided will significantly reduce judicial resources. By staying discovery, the Court will avoid having to administer discovery procedures, adjudicate related disputes, and more, unless the Court ultimately decides to hear the case. Should the case be dismissed in this Court, the Court's administering discovery and adjudicating related disputes will have been a waste of judicial time and resources. Furthermore, Plaintiff's presumption that this matter will be refiled in the proper venue is irrelevant: though it is possible that Plaintiff refiles, the only filed case between the parties is in this Court, and any other potential cases should not be considered in deciding the present motion.

### D. "Foreign Party" Is a Non-Party In the Proceeding, And Therefore Irrelevant

Plaintiff alleges that "the foreign producer of the [allegedly] counterfeit products should want discovery to proceed." Amended Opposition at p. 4. However, neither Plaintiff nor Defendant have any knowledge of this non-party's costs, retention policies, or similar. Plaintiff's

assumption that the non-party is harmed – or not harmed – is a curious assumption that the Court cannot seriously consider. Therefore, the non-party is irrelevant in all regards, and should not play a part in this Court's decision regarding the Motion.

### E. Public Interest Is Best Served By Staying Discovery

Plaintiff incorrectly assumes that "see[ing] justice done" involves the Court ruling in Plaintiff's favor. *See* Amended Opposition at p. 4. Plaintiff also assumes, and Defendants vehemently deny, that it will prevail on the merits in the underlying case. Therefore, Plaintiff argues, quick resolution of the case serves the public interest. However, the public interest is decidedly not served by lawsuits being filed in incorrect jurisdictions; instead, it is served by lawsuits being filed in the forum in which they are most efficiently, effectively, and properly adjudicated. In this case, that means staying discovery until resolution of the Motions to Dismiss, which are based upon lack of personal jurisdiction.

Furthermore, to the extent that "justice" must occur more swiftly, as Plaintiff asserts, Plaintiff has complete control over the timeframe of the case. Plaintiff can easily and swiftly refile its case in the correct jurisdiction at any time and avoid motions that it believes are impeding substantive evaluation of the issues. In fact, as much as Plaintiff alleges that it is interested in the swift resolution of the case, the mere fact that Plaintiff continues to fight jurisdiction is prime evidence that the timeframe is *not* important to Plaintiff, but instead that convenience of forum is its primary concern.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Stay Discovery until resolution of the dispositive Motions to Dismiss.

Respectfully Submitted,

/s/Eric J. Menhart
Eric J. Menhart, Esq.
Lexero Law
316 F Street NE Suite 101
Washington, DC 20002
T: (855) 453-9376 x 101
F: (855) 453-9376

## CERTIFICATE OF SERVICE

  I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing:

                     /s/Eric J. Menhart