IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00943-REB-KLM

SPYDERCO, INC., a Colorado corporation,

      Plaintiff,

v.

MAMBATE USA INC., a New York corporation doing business as AGPtek, and
BRAINYTRADE USA INC. Doing business as Brainydeal, a New Jersey corporation,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants Mambate USA Inc.'s and BrainyTrade

USA Inc.'s (collectively, "Defendants") **Motion to Dismiss Pursuant to Fed. R. Civ. P.**

**12(b)(2) and Fed. R. Civ. P. 12(b)(3)** [##13, 14][1] (the "Motions").  Plaintiff filed a Response

[#27], and Defendants filed a Reply [#29].   Pursuant to 28 U.S.C. § 636(b)(1) and

D.C.COLO.LCivR 72.1(c), the Motions have been referred to the undersigned for a

recommendation regarding disposition.  *See Order Referring Motions* [#15].  The Court has

reviewed the Motions [##13, 14], the Response [#27], the Reply [#29], the relevant law, and

the entire case file, and is advised in the premises.  For the reasons stated below, the

Court **RECOMMENDS** that the Motions [##13, 14] be **GRANTED IN PART** and **DENIED**

**IN PART** and **RECOMMENDS** that the matter be **TRANSFERRED**.  Further, given the

_____

[1]   "[#13]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Recommendation.

Court's recommendation that the matter be transferred, the Court will **DENY** Defendants' **Motion to Stay Discovery** [#33] as moot.

## I. Background

On May 4, 2015, Plaintiff SpyderCo, Inc. ("SpyderCo") filed a complaint against Defendants Mambate USA Inc. ("Mambate") and BrainyTrade USA Inc. ("BrainyTrade"). *Compl.* [#1]. Plaintiff, a Colorado corporation engaged in the design and creation of various blade-sharpening tools, *see id.* at ¶ 9, alleges that Defendants, incorporated and located in New York and New Jersey, infringed its trademark and other intellectual property[2] by copying its "Tri-Angle Sharpmaker", a handheld sharpening tool. *Id.* at ¶¶ 29-71.   On August 10, 2015, Defendants filed motions to dismiss the complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or, alternatively, for improper venue under Fed. R. Civ. P. 12(b)(3). *Motions* [##13, 14].

## II. Standard of Review

### A.    Fed. R. Civ. P. 12(b)(2)

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to test whether the Court has personal jurisdiction over the named party.  After a motion to dismiss has been filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff

---

[2] Specifically, Plaintiff alleges trademark and trade dress infringement pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); copyright infringement pursuant to 17 U.S.C. § 101, *et seq.*; deceptive trade practices pursuant to the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105; and misappropriation of business value.  *Compl.* [#1] ¶¶ 29-71.

has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004). Any factual disputes are resolved in the plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

**B.     Fed. R. Civ. P. 12(b)(3)**

The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1057-58 (D. Kan. 2006); *H&H Transformer, Inc. v. Battelle Energy Alliance, LLC*, No. 09-cv-00442, 2009 WL 3530370, at *3 (D. Colo. Oct. 23, 2009). Plaintiff has the burden of establishing that venue is proper in this District. *Walker v. U.S. Postal Service*, No. 06-1754, 2007 WL 2261659, at *2 (D. Colo. July 16, 2007). The Court must accept the allegations in the complaint as true to the extent that they are not controverted by Defendants' affidavits. *Wenz v. Memmery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). A prima facie showing of venue is sufficient to meet Plaintiff's burden. *Behegen*, 744 F.2d at 733.

### III. Analysis

**A.     Personal Jurisdiction**

The Court may only exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the

United States Constitution. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005); *see also Dudnikov*, 514 F.3d at 1070. The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Accordingly, because a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute, the Court need only consider whether the exercise of personal jurisdiction over Defendant is permitted by the Due Process Clause. *SCC Commc'ns v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002) ("[The] analysis turns on a single inquiry, whether the exercise of personal jurisdiction over [the defendant] comports with due process."); *Dudnikov*, 514 F.3d at 1070 ("[T]he first, statutory, inquiry effectively collapses into the second, constitutional, analysis.").

The Due Process Clause requires that the Court conduct a two-step analysis of personal jurisdiction. First, the Court must examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that [it] should reasonably anticipate being haled into court there." *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citation and quotation mark omitted). Second, if the defendant has sufficient contacts, the Court then asks "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances. *Id.* (citation and some quotation marks omitted).

The "minimum contacts" requirement of due process may be met by showing the existence of general or of specific jurisdiction. *Trierweiler v. Croxton & Trench Holding*

*Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). The requisite minimum contacts exist if the non-resident defendant has continuous and systematic contacts with the forum state (general jurisdiction) or if the defendant (i) has purposefully directed activities at forum residents or otherwise acted to avail itself purposefully of the privilege of conducting activities there and (ii) the litigation results from alleged injuries that arise out of or relate to those activities (specific jurisdiction). *Impact Prods.*, 341 F. Supp. 2d at 1190 (D. Colo. 2004). In short, Defendants must have purposely established minimum contacts with the forum state such that they "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

The aim of the "'purposeful direction' doctrine has been said by the Supreme Court to [be to] ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 475). The defendant must therefore have "deliberately" created some relationship with the forum state that would serve to make that state's potential exercise of jurisdiction foreseeable. *Burger King*, 471 U.S. at 475-76.

It is undisputed here that there is no general jurisdiction over Defendants; rather, Plaintiff only alleges that jurisdiction is proper based on specific jurisdiction. *Compl.* [#1] at ¶¶ 6-8. Accordingly, the Court must determine whether: (1) each Defendant purposefully directed its activities at Colorado or its residents or acted in some other way by which it purposefully availed itself of the benefits and protections of conducting business in Colorado, and (2) Plaintiff's claims arise out of or relate to Defendants' forum-related activities. *Impact Prods.*, 341 F. Supp. 2d at 1190.

With respect to minimum contacts, Plaintiff alleges in the complaint that the Court

has personal jurisdiction over Defendants because "Defendants have placed the Accused Products . . . in the stream of commerce, knowing the likely destination of the Accused Products, and their conduct and connections with the state of Colorado, are such that they should reasonably have anticipated being brought into court in Colorado." *Compl.* [#1] at ¶ 8.   Plaintiff also alleges that Defendants have "transacted and . . . are currently transacting business within Colorado." *Id.*

Defendants argue that neither corporation has "committ[ed] an intentional act in Colorado sufficient to establish personal jurisdiction[.]" *Motion* [#13] at 6; *Motion* [#14] at 4.   In support, Defendants provide affidavits from their respective owners refuting the factual allegations of minimum contacts made by Plaintiff.   *See Affidavit of Charlie Wang* [#13-1] ("Wang Affidavit"); *Notice Re Revised Affidavit*[3] [#53-1] ("Chau Affidavit"). Defendant BrainyTrade states that it "does not own offices, conduct business, direct marketing, or otherwise conduct substantial, continuous, or systematic business in Colorado." *Motion* [#14] at 4; *see also Chau Affidavit* (#53-1) ¶¶ 12-17.   Similarly, Defendant Mambate states that it has "never purposefully sold its goods to Colorado consumers", that its online storefronts "are accessible to all visitors in exactly the same way, regardless of a visitor's physical location," and that "Mambate has never advertised in Colorado or attempted to target Colorado visitors." *Motion* [#13] at 6; *see also Wang Affidavit* [#13-1] at ¶¶ 9-11, 14, 15, 17.   Thus, Defendants maintain that there is no personal jurisdiction because "Plaintiff's cause of action would arise regardless of whether Colorado

---

[3] Defendants originally submitted an unsigned affidavit attached to the original motion. *See Motion* [#14-1].   Defendants subsequently submitted a corrected copy to the Court.   *See Chau Affidavit* [#53-1].

consumers had purchased Defendant[s'] allegedly infringing goods. . . . Plaintiff's claims do not arise out of Defendant[s'] forum-related activity, but out of Defendant[s'] activities in New York." *Motion* [#13] at 8; *Motion* [#14] at 5.

Plaintiff does not refute the facts set forth in Defendants' affidavits, but responds that personal jurisdiction is nonetheless appropriate because Defendants have "taken intentional actions to counterfeit the Tri-Angle Sharpmaker" and "committed [this] intentional action with knowledge that the brunt of the injury would be felt in Colorado." *Response* [#27] at 10. Plaintiff further argues that "[w]hen Defendants targeted Spyderco customers through their Internet sale of counterfeit Spyderco goods, Defendants directed electronic activity into Colorado with the intention of engaging in business or other interactions within the state." *Id.* at 11. Thus, Plaintiff argues, not only has it been harmed by the alleged infringement, but so too have "its Colorado-based employees, and its substantial number of Colorado customers[.]" *Id.* at 13. Plaintiff requests in the alternative that, should the Court find that it lacks personal jurisdiction over Defendants, the case be transferred to the Eastern District of New York or the District of New Jersey pursuant to 28 U.S.C. § 1631. *Response* [#27] at 14.

The Court disagrees with Plaintiff's arguments. Plaintiff's argument here conflates Defendants' alleged *actions* with the *injury* caused by said actions. In other words, the analysis here turns not on the location of the resultant injury caused by Defendants' activities, but rather on whether the Defendants have "purposefully directed **activities** at forum residents[.]" *Impact Prods.*, 341 F. Supp. 2d at 1190 (emphasis added). There are no factual allegations here that Defendants expressly aimed or directed activities towards Colorado or its residents; rather, Plaintiff alleges that "Defendants' blatant copying and

counterfeiting of the goods of a Colorado corporation should cause Defendants to reasonably anticipate being subject to jurisdiction in this District." *Compl.* [#1] at ¶ 8. Allegations that Defendants intentionally infringed Plaintiff's intellectual property with the knowledge of the effect on Colorado residents is not a sufficient basis for personal jurisdiction. *See Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F. Supp. 2d 1202, 1208 (D. Colo. 2012) ("'[T]hat [defendant] may have infringed on [plaintiff's] mark outside of Colorado, and did so knowing that [plaintiff] was a Colorado resident and that this infringement would have effects in Colorado, is not sufficient to demonstrate express aiming at this forum'") (quoting *Impact Prods.*, 341 F. Supp. 2d at 1191) (internal quotation marks omitted)).   Moreover, as noted above, to the extent that Plaintiff alleges that Defendants have specifically conducted business in Colorado, these allegations are factually unsupported and plainly refuted by Defendants' affidavits. *See Wang Affidavit* [#13-1]; *Chau Affidavit* [#53-1]; *see also Wenz*, 55 F.3d at 1505 ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.") (quoting *Behagen*, 744 F.3d at 733).

Accordingly, the Court finds that it lacks personal jurisdiction over Defendants.[4]

## B.     Transfer of Venue

Plaintiff requests that, should the Court find that it lacks personal jurisdiction over Defendants, the matter be transferred pursuant to 28 U.S.C. § 1631 to the Eastern District of New York or District of New Jersey in lieu of dismissing the complaint. *Response* [#27]

---

[4] Given the Court's determination regarding personal jurisdiction, it necessarily follows that venue is improper as well. *See, e.g.*, *Richards v. Aramark Servs., Inc.*, 108 F.3.925, 928 (8th Cir. 1997) ("[W]ithout personal jurisdiction over . . . defendants . . . , venue [is] improper.")

at 14.  Plaintiff contends that transferring the case would be in the interest of justice given the strength of its claims.  *Id.*  In response, Defendants argue that because dismissal will not result in injustice to Plaintiff, dismissal is preferable to transfer here.  *Reply* [#29] at 5. Otherwise, "Plaintiff will have had a 'free bite at the jurisdictional apple,' and will have suffered no negative consequences for failure to consider jurisdictional questions."  *Id.*

The federal transfer statute, 28 U.S.C. § 1631, provides that if a federal court determines that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) ("Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.").  Factors that a court should consider when determining whether transfer is appropriate include whether the action would be time barred; whether the claims are likely to have merit; and whether the original action was filed in good faith.  *Trujillo*, 465 F.3d at 1223 n.16.

With respect to the first factor, Plaintiff here concedes that its claims would not be time barred were the Court to dismiss the action rather than transfer venue.  *Response* [#27] at 14.  Nonetheless, the Court finds that transfer rather than dismissal here is in the interest of justice based on the second and third factors.  Regarding the third factor, there is no indication on the face of the complaint that Plaintiff filed its claims in bad faith. Moreover, although the Court makes no determination regarding the merits of Plaintiff's claims at this juncture, Plaintiff's complaint contains detailed, factual allegations which,

taken together, all appear to state a plausible claim for relief under federal law. *See generally Compl.* [#1]. Finally, Defendants concede that either New York or New Jersey would be an "appropriate and effective forum[] for adjudicating the Plaintiff's claims." *Motion* [#13] at 11; *Motion* [#14] at 7.

Therefore, the Court **recommends** that the matter be **transferred** to the District of New Jersey in lieu of dismissal.

### IV. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motions [##13, #14] be **GRANTED IN PART** and **DENIED IN PART** and that the matter be **TRANSFERRED** to the United States District Court for the District of New Jersey.

IT IS **ORDERED** that Defendants' Motion to Stay Discovery [#33] is **DENIED AS MOOT**.

IT IS **FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 8, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge