**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00943-REB-KLM

SPYDERCO, INC., a Colorado corporation,

    Plaintiff,

v.

MAMBATE USA INC., a New York corporation doing business as AGPtek, and BRAINYTRADE USA INC. Doing business as Brainydeal, a New Jersey corporation,

    Defendants.

**ORDER RE: OBJECTIONS TO RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#54],[1] filed February 8, 2016.  No objection having been filed to the recommendation, I review it for plain error only.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).  I approve and adopt the recommendation insofar as it recommends granting defendants' motion to dismiss, but respectfully reject the recommendation to transfer this case to the United States District Court for the District of New Jersey.

The recommendation is detailed and well-reasoned.  I concur with the magistrate judge's assessment that personal jurisdiction over defendants in this district is plainly lacking, a result that was preordained by past decisions of this court.  **See Floyd's 99**

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

*Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F.Supp.2d 1202, 1207-09 (D. Colo. 2012); *Impact Productions, Inc. v. Impact Productions, LLC*, 341 F.Supp.2d 1186, 1191 (D. Colo. 2004).

      Nevertheless, I must respectfully reject the magistrate judge's recommendation to transfer this case to a federal district in which these defendants may be subject to personal jurisdiction. That recommendation is based on a request made by plaintiff in its response to the motion to dismiss, which request is procedurally improper. **See D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). Moreover, and substantively, given the long-standing precedents patently demonstrating a lack of any arguable basis for the assumption of personal jurisdiction, as well as plaintiff's concession that its claims will not be time-barred if the case is dismissed, I elect dismissal without prejudice over transfer.

      **THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#54], filed February 8, 2016, is approved and adopted as an order of this court in part and, respectfully, rejected in part as follows:

      a. That the recommendation is approved and adopted insofar as it recommends granting defendants' motion to dismiss for lack of personal jurisdiction; and

      b. That the recommendation is respectfully rejected to the extent is recommends that this case be transferred to another federal district court in which personal jurisdiction over defendants would lie;

2. That the related **Motion To Dismiss of Defendant Mambate USA Inc. Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3)** [#13], filed August 10, 2015, is granted;

3. That the related **Motion To Dismiss of Defendant BrainyTrade USA Inc. Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3)** [#14], filed August 10, 2015, is granted;

4. That plaintiff's claims against defendants are dismissed without prejudice for lack of personal jurisdiction in this forum;

5. That all pending pretrial deadlines are vacated;

6. That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for November 18, 2016, and the jury trial scheduled to commence on December 5, 2016, are vacated;

7. That judgment without prejudice shall enter on behalf of defendants, Mambate USA Inc., a New York corporation doing business as AGPtek; and BrainyTrade USA Inc., doing business as Brainydeal, a New Jersey corporation, and against plaintiff, Spyderco, Inc., on all claims for relief and causes of action asserted in this action; and

8. That this case is closed.

Dated March 14, 2016, at Denver, Colorado.

                                             **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge